FILED
2021 Jun-30 AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LATRICE D. HINES** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | }    Case No.: 1:20-cv-01617-ACA<br>} |
| **ROBERT WILKIE** | }<br>} |
| **Defendant.** | }<br>}<br>} |

## **MEMORANDUM OPINION**

Plaintiff Latrice D. Hines filed this lawsuit against Robert Wilkie, Secretary of the Veterans Administration ("VA"), alleging disability and race discrimination. (Doc. 10). The Secretary moves to dismiss the amended complaint. (Doc. 11). Although the court ordered Ms. Hines to respond (doc. 12), she has not done so, making the motion unopposed. Because Ms. Hines' disability claims and one of her race discrimination claims are untimely and because her other race discrimination claim has not been administratively exhausted, the court **WILL GRANT** the motion and **WILL DISMISS** the amended complaint **WITH PREJUDICE**.

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v.*

*Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  In addition, "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits," and "should be raised in a motion to dismiss." *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008).  "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376.  Even if a motion to dismiss is unopposed, the court must address the arguments presented before granting the motion. *Woodham v. Am. Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551, 556 (5th Cir. 1964).[1]

Ms. Hines is African American, has dysphonia, and was employed by the VA as a medical support assistant in Rainbow City, Alabama.  (Doc. 10 at 2).  Ms. Hines alleges that beginning in 2011, her then-supervisor increased her workload, criticized her, and issued disciplinary warnings and reprimands meant to cast her in a negative light.  (*Id.* at 4 ¶¶ 24–25).  Further, Ms. Hines alleges that she was denied sick leave (*id.* at 2–3 ¶¶ 9, 11, 21), and that she was the only medical assistant at the VA facility who was not promoted to a "G6" position (*id.* at 10 ¶ 56).

---

[1] Fifth Circuit decisions from before October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Ms. Hines filed an Equal Employment Opportunity ("EEO") complaint on January 25, 2012, claiming that she suffered a hostile work environment on the bases of race, sex, and disability because her supervisors imposed an increased workload, gave disciplinary warnings, and failed to provide Ms. Hines sick leave. (Doc. 11-2 at 3–5). Ms. Hines further claimed that the VA failed to provide reasonable accommodation for her disability. (*Id.* at 3). After an investigation, the VA issued a final decision denying Ms. Hines' claims. (*Id.*).

Ms. Hines filed a second EEO complaint on September 3, 2012, alleging a hostile work environment, including failure to grant sick leave and an increased workload, which she asserted were in reprisal for her original EEO complaint. (*Id.* at 5–6). The VA investigated Ms. Hines' second complaint and issued another unfavorable final decision. (Doc. 11-2 at 7).

The Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations combined these first two complaints on appeal and affirmed both final decisions (*Id.* at 10–11), after which Ms. Hines requested reconsideration of the final appellate decisions (doc. 11-3 at 2). The request was denied, and the denial was mailed to Ms. Hines on November 2, 2016. (*Id.* at 2–4). The denial informed Ms. Hines that she had the right to file a civil action in a district court within ninety days of her receipt of the decision. (*Id.* at 3).

Ms. Hines filed a third EEO complaint on October 7, 2013, alleging that she was discriminated against because of her disability and that she was subjected to a hostile work environment, harassment, and discrimination from May 2012 to October 2013. (Doc. 11-4 at 3–5). In support of her claim, Ms. Hines alleged that her supervisors disciplined her, reprimanded her, and gave her an increased workload. (*Id*. at 4–5). In addition, she alleged that the VA did not promote her to a "G6" position because of her disability. (*Id*. at 4). The VA again issued a final decision denying her claims. (*Id*. at 15).

The Commission affirmed the third final decision on appeal on October 9, 2019. (Doc. 11-5 at 2). Ms. Hines' request for reconsideration of the appellate decision was denied and the denial, which again informed Ms. Hines that she had ninety days from receipt to file a civil action (doc. 11-6 at 2–4), was mailed to Ms. Hines on May 12, 2020 (doc. 11-7 at 2).

On October 14, 2020, five months after the final decision in her third complaint, and over four years after the denial of her first two complaints, Ms. Hines filed this action. (*See* Doc. 1). Ms. Hines seeks actual damages from lost wages as well as compensatory damages. (Doc. 10 at 11).

## II.     DISCUSSION

### 1.     Disability-Based Discrimination

Ms. Hines asserts multiple claims of disability discrimination based on her dysphonia. (Doc. 10 at 3–8). It is not clear which statute Ms. Hines seek relief under, as her complaint references both the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (*Id*. at 3, 5). But she cannot obtain relief under the ADA, which specifically excludes the United States and federal agencies such as the VA from the definition of "employer" that can be subject to an ADA claim. 42 U.S.C. § 12111(5)(B)(i). Instead, federal employees can seek relief for disability discrimination under the Rehabilitation Act. 29 U.S.C. §§ 791, 794(a). The court will therefore assume that Ms. Hines has properly brought her claims under the Rehabilitation Act.

An employee filing an action under the Rehabilitation Act must do so within ninety days of receipt of the final Commission decision. *Id*. § 794a(a)(1); 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c). The final Commission decision for the complaints Ms. Hines filed in 2012 was mailed to her on November 2, 2016 (doc. 11-3 at 2–4), and a final Commission decision for her complaint filed in 2013 was mailed to her on May 12, 2020 (doc. 11-7 at 2). It is unclear when Ms. Hines received the final decisions: her complaint is silent as to that fact. But even if the court assumes that Ms. Hines received each decision over a month after mailing, that

would have given Ms. Hines until March 15, 2017, for the first two decisions and until September 10, 2020, for the last decision—well before she actually filed her judicial complaint on October 14, 2020. The court therefore **WILL GRANT** the motion to dismiss Ms. Hines' disability discrimination claims as time-barred.

2. Race-Based Discrimination

Ms. Hines further alleges that she was subjected to race-based discrimination and a hostile work environment in violation of Title VII. (Doc. 10 at 8 ¶ 44). The Secretary argues that Ms. Hines' claims should be dismissed for three reasons: (1) Ms. Hines fails to state a claim for relief (doc. 11-1 at 16), (2) the hostile work environment claims are untimely (*id*. at 17), and (3) Ms. Hines did not exhaust administrative remedies for her race discrimination claim (*id*. at 18). Because the court agrees that Ms. Hines' hostile work environment claims are untimely and that Ms. Hines did not exhaust her administrative remedies for her race discrimination claim, the court addresses only those two issues.

Ms. Hines raised claims alleging a racially hostile work environment only in her first two EEO complaints. (Doc. 11-3 at 2–4). The Commission's denial of Ms. Hines' request for reconsideration of the final decision was mailed to her on November 2, 2016. (Doc. 11-4 at 4). Accordingly, as with her claims for disability-based discrimination discussed above, Ms. Hines had ninety days from receipt of the denial to file a civil action. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c).

Because this action was filed on October 14, 2020, almost four years after the denial was mailed to her, Ms. Hines' claims of a racially hostile work environment are untimely.

Ms. Hines also raises a claim for race-based discrimination based on the VA's failure to promote her to the "G6" position. (Doc. 10 at 4 ¶ 26). "A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action." *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). A complaint need not be "the mirror image of earlier EEO filings," but "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate." *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980). A "judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination," *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation marks omitted), and each allegation of a new discriminatory motive thus requires separate administrative exhaustion. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (holding that plaintiff failed to meet the initial jurisdictional requirement for his Title VII retaliation claim by not including it in his EEOC charge, which only mentioned disability-based discrimination). Ms. Hines alleged only disability-based discrimination when she filed her EEO complaint regarding the VA's failure to promote her, and thus did not exhaust her

administrative remedies for race-based discrimination. (Doc. 11-4 at 3–5). Accordingly, the court has no occasion to hear such a claim.

## III. CONCLUSION

The court **WILL GRANT** the Secretary's motion to dismiss and **WILL DISMISS** all claims **WITH PREJUDICE**.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this June 30, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE